**E-filing**

FILED

1   KRISTIN A. PACE #138736
    WILLIAM E. ADAMS #153330
2   JULIE V. SKEEN #203365
    FITZGERALD ABBOTT & BEARDSLEY LLP
3   1221 Broadway, 21st Floor
    Oakland, California 94612
4   Telephone: (510) 451-3300
    Facsimile: (510) 451-1527
5   Emails: kpace@fablaw.com/wadams@fablaw.com/jskeen@fablaw.com

6   Attorneys for Plaintiff
    Puongpun Sananikone
7

8

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
    Puongpun Sananikone,                    Case No.: C07-03266

12
                Plaintiff,                  **COMPLAINT FOR DENIAL OF CLAIM**
13                                          **FOR REFUND AND REQUEST FOR**
        vs.                                 **ABATEMENT OF THE TRUST FUND**
14                                          **RECOVERY PENALTY IMPOSED**
    United States of America,
15
                Defendant
16                                          JURY TRIAL DEMANDED

17
            1.  Plaintiff, Puongpun Sananikone, is a citizen of the United States of America
18
    residing at 28 Poipu Drive, Honolulu, Hawaii 96825.
19
            2.  The defendant is the United States of America.

            3.  This is a suit arising under the internal revenue laws of the United States for: a)

    the refund of taxes illegally assessed against and collected from plaintiff and b) the abatement of

    the Trust Fund Recovery Penalty under I.R.C. § 6672 (hereinafter "Trust Fund Recovery

    Penalty") illegally imposed upon plaintiff.

            4.  **Jurisdiction**. This court has subject matter jurisdiction over this matter pursuant

    to 28 USC § 1346(a)(1).

            5.  **Venue**. Venue is proper in the Northern District of California pursuant to 28

    USC § 1391(b)(2) and 1391(b)(3).
28
                                    1
    COMPLAINT FOR DENIAL OF CLAIM FOR REFUND AND REQUEST FOR
    ABATEMENT OF THE TRUST FUND RECOVERY PENALTY IMPOSED CASE NO.:
    6/20/07 (21092) #273777.1

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

1

2

3

**FIRST COUNT**
(Claim for Refund)

4

6. Plaintiff received Notices of Tax Due on Federal Tax Return dated February 8,

5

2006, for the taxable periods and amounts as follows:

6

7

8

9

10

11

12

13

| Taxable Year Ended | Amount |
|---|---|
| June 30, 2000 | $67,331.72 |
| September 30, 2000 | $75,685.26 |
| December 31, 2000 | $123,338.70 |
| June 30, 2001 | $96,757.59 |
| September 30, 2001 | $116,574.36 |
| December 31, 2001 | $75,632.53 |

14

15

16

A true and correct copy of each of these notices is attached hereto collectively as Exhibit A and incorporated by reference as if set forth fully herein.

17

18

19

7. Plaintiff was a minority shareholder and an outside director of a corporation known as American Steel Frame Inc. (hereinafter, "ASFI"), which at all times pertinent to this action conducted business in Stockton, California.

20

21

22

23

24

25

8. Plaintiff received a letter from the Internal Revenue Service dated February 25, 2004, proposing the assertion of the Trust Fund Recovery Penalty against plaintiff due to ASFI's failure to make full payment of federal employment tax or excise taxes for the taxable periods ended June 30, 2000, September 30, 2000, December 31, 2000, June 30, 2001, September 30, 2001 and December 31, 2001. A true and correct copy of the letter dated February 25, 2004 is attached hereto as Exhibit B and incorporated by reference as if set forth fully herein.

26

27

28

9. On November 21, 2006, plaintiff timely filed a Form 843 Claim for Refund and Request for Abatement (hereinafter "Claim for Refund") and remitted a check for $200.00 in partial payment of the Trust Fund Recovery Penalty, in respect of the taxable periods ended

2

COMPLAINT FOR DENIAL OF CLAIM FOR REFUND AND REQUEST FOR
ABATEMENT OF THE TRUST FUND RECOVERY PENALTY IMPOSED CASE NO.:
6/20/07 (21092) #273777.1

1  June 30, 2000, September 30, 2000, December 31, 2000, June 30, 2001, September 30, 2001

2  and December 31, 2001. A true and correct copy of the Claim for Refund plaintiff filed on

3  November 21, 2006 is attached hereto as Exhibit C and incorporated by reference as if set forth

4  fully herein.

5        10. More than six months has elapsed since plaintiff filed his Claim for Refund and

6  Request for Abatement and no action has been taken by the Internal Revenue Service thereon.

7        11. As grounds for recovery, plaintiff incorporates herein by reference the averments

8  contained in his Claim for Refund, which is attached hereto as Exhibit C.

9        12. Plaintiff has made an overpayment of employment taxes for the taxable periods

10  ended June 30, 2000, September 30, 2000, December 31, 2000, June 30, 2001, September 30,

11  2001, and December 31, 2001, and is entitled to recover from defendant the sum of $200 plus

12  statutory interest, no part of which has been repaid to plaintiff.

13

14  **SECOND COUNT**
(Abatement of Trust Fund Recovery Penalty)

15

16        13. Plaintiff exercised his appeal rights with respect to the assessment of the Trust

17  Fund Recovery Penalty, and was denied relief in a letter signed by Settlement Officer Martin

18  Splinter dated January 19, 2006. A true and correct copy of the letter dated January 19, 2006, is

19  attached hereto as Exhibit D and incorporated by reference as if set forth fully herein.

20        14. Plaintiff is not the responsible party for AFSI's unpaid employment taxes for the

21  taxable periods ended June 30, 2000, September 30, 2000, December 31, 2000, June 30, 2001,

22  September 30, 2001 and December 31, 2001, and therefore is entitled to abatement of the Trust

23  Fund Recovery Penalty imposed.

24        15. Plaintiff is the sole owner of these claims against defendant and has made no

25  assignment of said claims.

26

27

28

3
COMPLAINT FOR DENIAL OF CLAIM FOR REFUND AND REQUEST FOR
ABATEMENT OF THE TRUST FUND RECOVERY PENALTY IMPOSED CASE NO.:
6/20/07 (21092) #273777.1

**EXHIBIT A**

Department of the Treasury 0266-BZ    Document 1    Filed 06/21/2007    Page 5 of 29 Number
Internal Revenue Service                                              29251-039-11000-06
Director
        1973 N. Rulon White Blvd.
        Ogden,   UT    84201                              IDRS: 2635250610

| MFT | Tax Period | Assessment Date | Trans Code | Date of | 02/08/2006 |
|-----|-----------|-----------------|-----------|---------|------------|
| 55  | 200006    | 02/08/2006      | 670 570   | This Notice: If you find it necessary to inquire about your account, please refer to this number. | SANA 2610 |

                              Taxpayer                          Form Number: 2749

PUONG PUN SANANIKONE
28 POIPU DR                                    Plan/Report Number:
HONOLULU    HI    96825
                                               Tax Period Ended: 06/30/2000

---

#### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|-----------|---|-----------|---------------------|-------------|
| 02/08/2006 ADD'L TAX | 290 | 0.00 | | |

| see enclosed notice | 960 | 67,331.72 | | |

67,331.72

DUPLICATE — *(Keep for your records)*        **Form 3552 (C)** (Part 4) Rev. 1-2005
                                              Catalog No. 22335 G

Department of the Treasury
Internal Revenue Service
Director

1973 N. Rulon White Blvd.
Ogden, UT 84201

Document Locator Number
26 25139 011001-06

IDRS: 2635250610

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|------------|
| 55 | 200009 | 02/08/2006 | 670 570 |

Date of This Notice: 02/08/2006 SANA

If you find it necessary ▶ to inquire about your account, please refer to this number.     2610

Form Number: 2749

Taxpayer

PUONG PUN SANANIKONE
28 POIPU DR
HONOLULU HI 96825

Plan/Report Number:

Tax Period Ended: 09/30/2000

### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).

| Reference | | | Assessment | Adjustment or Credit | Balance Due |
|-----------|---|---|------------|---------------------|-------------|
| 02/08/2006 ADD'L TAX | 290 | | 0.00 | | |
| see enclosed notice | 960 | | 75,685.26 | | |
| | | | | | 75,685.26 |

**DUPLICATE** — *(Keep for your records)*

**Form 3552 (C)** (Part 4) Rev. 1-2005
Catalog No. 22335 G

1973 N. Rulon White Blvd.
Ogden,   UT    84201

IDRS: 2635250610

| MFT | Tax Period | Assessment Date | Trans Code | Date of | 02/08/2006 |
|-----|-----------|-----------------|-----------|---------|-----------|
| 55 | 200012 | 02/08/2006 | 670 570 | This Notice:<br>If you find it necessary ▶ to inquire about your account, please refer to this number. | SANA<br>2610 |

Taxpayer

Form Number: 2749

PUONG PUN SANANIKONE
28 POIPU DR
HONOLULU   HI    96825

Plan/Report Number:

Tax Period Ended: 12/31/2000

#### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|-----------|--|-----------|---------------------|-------------|
| 02/08/2006 ADD'L TAX | 290 | 0.00 | | |

| | | | |
|--|--|--|--|
| see enclosed notice | 960 | 123,338.70 | |

123,338.70

**Department of the Treasury**
**Internal Revenue Service**
**Director**

29251-039-11003-06

1973 N. Rulon White Blvd.
Ogden,   UT   84201

IDRS: 2635250610

| MFT | Tax Period | Assessment Date | Trans Code | Date of This Notice: | 02/08/2006 |
|-----|-----------|-----------------|-----------|----------|------------|
| 55 | 200106 | 02/08/2006 | 670 570 | If you find it necessary to inquire about your account, please refer to this number. | SANA 2610 |

Taxpayer

Form Number: **2749**

PUONG PUN SANANIKONE
28 POIPU DR
HONOLULU   HI   96825

Plan/Report Number:

Tax Period Ended: **06/30/2001**

#### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|-----------|--|-----------|---------------------|-------------|
| 02/08/2006 ADD'L TAX | 290 | 0.00 | | |
| see enclosed notice | 960 | 96,757.59 | | |
| | | | | 96,757.59 |

Department of the Treasury
Internal Revenue Service

Director

1973 N. Rulon White Blvd.

Ogden, UT 84201

Document Locator Number
9251-039-11004-06

IDRS: 2635250610

| MFT | Tax Period | Assessment Date | Trans Code |
|-----|-----------|-----------------|-----------|
| 55  | 200109    | 02/08/2006      | 670<br>570 |

Date of
This Notice: **02/08/2006**
**SANA**

If you find it necessary
to inquire about your
account, please refer
to this number.

**-2610**

Taxpayer

Form Number: **2749**

PUONG PUN SANANIKONE
28 POIPU DR
HONOLULU HI 96825

Plan/Report Number:

Tax Period Ended: **09/30/2001**

### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | Assessment | Adjustment or Credit | Balance Due |
|-----------|-----------|----------------------|-------------|
| 02/08/2006 ADD'L TAX 290 | 0.00 | | |
| see enclosed notice 960 | 116,574.36 | | |
| | | | 116,574.36 |

DUPLICATE — *(Keep for your records)*

**Form 3552 (C)** (Part 4) Rev. 1-2005
Catalog No. 22335 G

Department of the Treasury
Internal Revenue Service

Director     Document Locator Number
29251-039-11005-06

1973 N. Rulon White Blvd.
Ogden, UT 84201

IDRS: 2635250610

| MFT | Tax Period | Assessment Date | Trans Code | Date of | 02/08/2006 |
|---|---|---|---|---|---|
| 55 | 200112 | 02/08/2006 | 670 570 | This Notice: SANA | -2610 |

If you find it necessary to inquire about your account, please refer to this number.

Taxpayer

Form Number: 2749

PUONG PUN SANANIKONE
28 POIPU DR
HONOLULU HI 96825

Plan/Report Number:

Tax Period Ended: 12/31/2001

### Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|---|
| 02/08/2006 ADD'L TAX | 290 | 0.00 | | |
| see enclosed notice | 960 | 75,632.53 | | |

75,632.53

DUPLICATE — *(Keep for your records)*

Form 3552 (C) (Part 4) Rev. 1-2005
Catalog No. 22335 G

**EXHIBIT  B**

Internal Revenue Service                        Department of the Treasury

Date: 2-25-2004

                                                Number of this Letter:
                                                1153
                                                Person to Contact:
                                                JEFF BENNETT
                                                Employee Number:
                                                68-10398
                                                IRS Contact Address:
                                                INTERNAL REVENUE SERVICE
PUONGPUN SANANIKONE                             4330 WATT AVE
8 POIPU DR                                      NORTH HIGHLANDS, CA 95660-
HONOLULU, HI 96825-2133
                                                IRS Telephone Number:
                                                (916) 974-5127
                                                Employer Identification Number:
                                                94-3338015
                                                Business Name and Address:
                                                AMERICAN STEEL FRAME INC
                                                % GARY FARRAR CHAPTER 7 TRUSTEE
                                                5987 LEMON PKWY
                                                SACRAMENTO, CA 95824-0000

Dear MR PUONGPUN SANANIKONE:

Our efforts to collect the federal employment or excise taxes due from the
business named above have not resulted in full payment of the liability. We
therefore propose to assess a penalty against you as a person required to
collect, account for, and pay over withheld taxes for the above business.

Under the provisions of Internal Revenue Code section 6672, individuals who
were required to collect, account for, and pay over these taxes for the business
may be personally liable for a penalty if the business doesn't pay the taxes.
These taxes, described in the enclosed Form 2751, consist of employment taxes
you withheld (or should have withheld) from the employees' wages (and didn't
pay) or excise taxes you collected (or should have collected) from patrons (and
didn't pay), and are commonly referred to as "trust fund taxes."

The penalty we propose to assess against you is a personal liability called the
Trust Fund Recovery Penalty. It is equal to the unpaid trust fund taxes which
the business still owes the government. If you agree with this penalty for each
tax period shown, please sign Part 1 of the enclosed Form 2751 and return it to
us in the enclosed envelope.

If you don't agree, have additional information to support your case, and wish
to try to resolve the matter informally, contact the person named at the top of
this letter within ten days from the date of this letter.

You also have the right to appeal or protest this action. To preserve your
appeal rights you need to mail us your written appeal within 60 days from the
date of this letter (75 days if this letter is addressed to you outside the
United States). The instructions below explain how to make the request.

                        1               Letter 1153(DO)(Rev. 3-2002)
                                                  Cat. No. 40545C

PPEALS

ou may appeal your case to the local Appeals Office.  Send your written appeal
o the attention of the Person to Contact at the address shown at the top of
nis letter.  The dollar amount of the proposed liability for each specific tax
eriod you are protesting affects the form your appeal should take.

| For each period you are protesting, if the proposed penalty amount is: | You should: |
|---|---|
| 25,000 or less | Send a letter listing the issues you disagree with and explain why you disagree.  (Small Case Request). |
| ore than $25,000 | Submit a formal Written Protest. |

ne protest will suffice for all the periods listed on the enclosed Form 2751,
owever if any one of those periods is more than $25,000, a formal protest must
e filed.  Include any additional information that you want the Settlement
fficer/Appeals Officer to consider.  You may still appeal without additional
nformation, but including it at this stage will help us to process your request
romptly.

A SMALL CASE REQUEST should include:

1. A copy of this letter, or your name, address, social security number,
   and any information that will help us locate your file;

2. A statement that you want an Appeal's conference;

3. A list of the issues you disagree with and an explanation of why you
   disagree.  Usually, penalty cases like this one involve issues of
   responsibility and willfulness.  Willfulness means that an action was
   intentional, deliberate or voluntary and not an accident or mistake.
   Therefore, your statement should include a clear explanation of your
   duties and responsibilities; and specifically, your duty and authority
   to collect, account for, and pay the trust fund taxes.  Should you
   disagree with how we calculated the penalty, your statement should
   identify the dates and amounts of payments that you believe we didn't
   consider and/or any computation errors that you believe we made.

Please submit two copies of your Small Case Request.

A formal WRITTEN PROTEST should include the items below.  Pay particular
attention to item 6 and the note that follows it.

1. Your name, address, and social security number;

2

Letter 1153(DO)(Rev. 3-2002)
Cat. No. 40545C

A statement that you want a conference;

A copy of this letter, or the date and number of this letter;

A. The tax periods involved (see Form 2751);

5. A list of the findings you disagree with;

6. A statement of fact, signed under penalties of perjury, that explains why you disagree and why you believe you shouldn't be charged with the penalty. Include specific dates, names, amounts, and locations which support your position. Usually, penalty cases like this one involve issues of responsibility and willfulness. Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake. Therefore, your statement should include a clear explanation of your duties and responsibilities; and specifically, your duty and authority to collect, account for, and pay the trust fund taxes. Should you disagree with how we calculated the penalty, your statement should identify the dates and amounts of payments that you believe we didn't consider and/or any computation errors you believe we made;

   NOTE:

   To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

   "Under penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete."

7. If you rely on a law or other authority to support your arguments, explain what it is and how it applies.

REPRESENTATION

You may represent yourself at your conference or have someone who is qualified to practice before the Internal Revenue Service represent you. This may be your attorney, a certified public accountant, or another individual enrolled to practice before the IRS. If your representative attends a conference without you, he or she must file a power of attorney or tax information authorization before receiving or inspecting confidential tax information. Form 2848, Power of Attorney and Declaration of Representative, or Form 8821, Tax Information Authorization, may be used for this purpose. Both forms are available from any IRS office. A properly written power of attorney or authorization is acceptable.

Letter 1153(DO)(Rev. 3-2002)
                                    Cat. No. 40545C

: your representative prepares and signs the protest for you, he or she must
.bstitute a declaration stating:

   1. That he or she submitted the protest and accompanying documents, and

   2. Whether he or she knows personally that the facts stated in the protest
      and accompanying documents are true and correct.

LAIMS FOR REFUND AND CONSIDERATION BY THE COURTS

ONSIDERATION BY THE COURTS

f you and the IRS still disagree after your conference, we will send you a
ill. However, by following the procedures outlined below, you may take your
ase to the United States Court of Federal Claims or to your United States
istrict Court. These courts have no connection with the IRS.

efore you can file a claim with these courts, you must pay a portion of the tax
iability and file a claim for refund with the IRS, as described below.

;PECIAL BOND TO DELAY IRS COLLECTION ACTIONS
OR ANY PERIOD AS SOON AS A CLAIM FOR REFUND IS FILED

o request a delay in collection of the penalty by the IRS for any period as
;oon as you file a claim for refund for that period, you must do the following
within 30 days of the date of the official notice of assessment and demand (the
first bill) for that period:

   1. Pay the tax for one employee for each period (quarter) of liability that
      you wish to contest, if we've based the amount of the penalty on unpaid
      employment taxes; or pay the tax for one transaction for each period
      that you wish to contest, if we've based the amount of the penalty on
      unpaid excise tax.

   2. File a claim for a refund of the amount(s) you paid using Form(s) 843,
      Claim for Refund and Request for Abatement.

   3. Post a bond with the IRS for one and one half times the amount of the
      penalty that is left after you have made the payment in Item 1.

If the IRS denies your claim when you have posted this bond, you then have 30
days to file suit in your United States District Court or the United States
Court of Federal Claims before the IRS may apply the bond to your trust fund
recovery penalty and the interest accruing on this debt.

4                Letter 1153(DO) (Rev. 3-2002)
                       Cat. No. 40545(

Department of the Treasury - Internal Revenue Service

Proposed Assessment of Trust Fund Recovery Penalty
(Sec. 6672, Internal Revenue Code or corresponding
provisions of prior Internal Revenue laws)

## Report of Business's Unpaid Tax Liability

Name and Address of Business EIN: 94-3338015
AMERICAN STEEL FRAME INC
% GARY FARRAR CHAPTER 7 TRUSTEE
5987 LEMON PKWY
SACRAMENTO, CA 95824-0000

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Amount Outstanding | Penalty |
|---|---|---|---|---|---|
| 941 | 6/30/2000 | 02/02/2001 | 03/26/2001 | 100,250.01 | 67,331.72 |
| 941 | 9/30/2000 | 02/02/2001 | 03/26/2001 | 147,679.67 | 75,685.26 |
| 941 | 12/31/2000 | 01/31/2001 | 03/12/2001 | 201,972.54 | 123,338.70 |
| 941 | 6/30/2001 | 10/21/2003 | 12/01/2003 | 231,490.04 | 96,757.59 |
| 941 | 9/30/2001 | 10/21/2003 | 12/01/2003 | 267,107.58 | 116,574.36 |
| 941 | 12/31/2001 | 10/21/2003 | 12/08/2003 | 181,344.27 | 75,632.53 |

Total Penalty: 555,320.16

Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name and Address of Person Responsible SSN: 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
PUONGPUN SANANIKONE

28 POIPU DR
HONOLULU, HI 96825-2133

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above. I waive the 60 day restriction on notice and demand set forth in Internal Revenue Code 6672(b).

| Signature of person responsible | Date |
|---|---|

Cat. No. 21955U
BOD: SB

Form 2751 (Rev. 7-200

AIM FOR REFUND WITH NO SPECIAL BOND

 you do not file a special bond with a prompt claim for refund, as described
ove, you may still file a claim for refund following above action items 1 and
 except these action items do not have been to be taken in the first 30 days
ter the date of the official notice of assessment and demand for the period.

 IRS has not acted on your claim within 6 months from the date you filed it,
u can file a suit for refund.  You can also file a suit for refund within 2
ars after IRS has disallowed your claim.

u should be aware that if IRS finds that the collection of this penalty is in
opardy, we may take immediate action to collect it without regard to the
)-day period for submitting a protest mentioned above.

or further information about filing a suit you may contact the Clerk of your
istrict Court or the Clerk of the United States Court of Federal Claims,
17 Madison Place, NW, Washington, D.C.  20005.

f we do not hear from you within 60 days from the date of this letter (or 75
ays if this letter is addressed to you outside the United States), we will
ssess the penalty and begin collection action.

                                        Sincerely yours,

                                        JEFF BENNETT

                                        Revenue Officer

nclosures:    Form 2751
              Publication 1
              Envelope

BOD: SB                    5              Letter 1153(DO)(Rev. 3-2002)
                                                  Cat. No. 40545C

**EXHIBIT C**



FITZGERALD ABBOTT BEARDSLEY LLP
ATTORNEYS AT LAW

1221 Broadway, 21st Floor Oakland, CA 94612
reply to: P.O. Box 12867 Oakland, CA 94604-2867

tel 510.451.3300
fax 510.451.1527
www.fablaw.com

Elna Shah Mehta
emehta@fablaw.com

November 21, 2006

## CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Internal Revenue Service
Fresno, CA 93888

Re:    Puongpun Sananikone; SSN        -2610

Dear Internal Revenue Service:

On behalf of the above-referenced taxpayer, enclosed herewith is Form 843 - Claim for Refund and Request for Abatement and a check in the amount of $200.00 made payable to the "United States Treasury." We are filing Form 843 in order to request an abatement of the trust fund recovery penalty ("TFRP") imposed on the above-referenced taxpayer. I am also enclosing the IRS tax notices for the tax periods in question.

Please process the check as soon as possible and abate the TFRP accordingly. If you should have any questions or comments, please do not hesitate to contact me or Kristin A. Pace, the taxpayer's representatives. (A copy of the Power of Attorney is attached hereto.)

Very truly yours,

FITZGERALD ABBOTT & BEARDSLEY LLP

By    Elna S. Mehta

Elna Shah Mehta

ESM:ssm
Enclosures

Form **843**
(Rev. November 2005)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

OMB No. 1545-0024

▶ **See separate instructions.**

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| | |
|---|---|
| Name of claimant **Puongpun Sananikone** | Your SSN or ITIN ⠠ 2610 |
| Address (number, street, and room or suite no.) **28 Poipu Drive** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code **Honolulu** | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number ( **510** ) **451-3300** |

**1**   **Period.** Prepare a separate Form 843 for each tax period
From   **04** / **01** / **2000**   to   **06** / **30** / **2000**

**2**   Amount to be refunded or abated
$    **200.00**

**3a**   Type of tax, penalty, or addition to tax:
☐ Employment    ☐ Estate    ☐ Gift    ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b**   Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☐ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☑ Other (specify) **N/A**

**4a**   Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b**   Dates of payment ▶ _____

---

**5**   **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attachment.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)      Date   **5/8/06**

Signature      Date

Taxpayer: Puongpun Sananikone
SSN:              -2610

## Form 843 Attachment - Claim for Refund and Request for Abatement

Puongpun Sananikone (the "Taxpayer") was a minority shareholder and an outside director of American Steel Frame Inc. ("ASFI"). ASFI failed to pay employment taxes for the following quarters: 2nd, 3rd 4th quarters of tax year 2000 and 1st, 2nd and 3rd quarter of 2001. The purpose of this Statement is to provide information and legal arguments to support Mr. Sananikone's claim that the assessment against him of the Trust Fund Recovery Penalty ("TFRP") pursuant to Internal Revenue Code section 6672 is inappropriate.

A brief review of Mr. Sananikone's business accomplishments will help to put his role with ASFI in context. Mr. Sananikone moved to the United States from Laos in the early 1960s to study at the University of Hawaii and earn a master's degree in economics in Colorado. He returned to Laos and led the government's economic and social planning department. In 1975, Mr. Sananikone left Laos to work for the Asian Development Bank in Manila. Eight years later, he moved with his family to New Jersey where he was chief economist at Louis Berger International, a leading engineering consulting company. Mr. Sananikone returned to Hawaii to start his own company, Pacific Management Resources Inc. ("PACMAR"), which is an international consulting company whose primary work is to consult on projects in developing countries, particularly focusing on the poor developing nations of the Asia-Pacific region. PACMAR also conducts feasibility studies for government agencies and public sector organizations that are willing to fund rural development technology in poor countries.

In addition to his vast work experience as an international economist, Mr. Sananikone is a very well respected member of the multi-ethnic communities, which, because of his international ties, is a community without borders. A brief list of his community-based honors and appointments are as follows: Mr. Sananikone has served as a Board member of Southeast Asia Resource Action Center ("SEARAC"), which is the sole and oldest national advocacy group for Southeast Asian Americans based in Washington DC. He is also an alumnus of the East West Center ("EWC"), a current member of the EWC Foundation Board and is the first EWC alumnus from Asia (in 45 years since its founding by the U.S. Government) to be appointed to the EWC Board of Governors by the Governor of Hawaii. Additionally, Mr. Sananikone is a recipient o the 2003 University of Hawaii Alumni Association Distinguished Alumni Award which recognizes his services to the communities in Hawaii and in the Asia Pacific region. He was among the key founders of the National Association for the Education and Advancement of the Vietnamese, Laotioan and Cambodian Americans ("NAFEA") and a founding member of the Laotian American National Alliance ("LANA"), a nonprofit organization whose mission is to mobilize Laotian Americans by promoting social and economic advancement through civic participation and public policy advocacy. Mr. Sananikone was Chairman Emeritus in 2005 of the Vietnamese American Chamber of Commerce of Hawaii ("VACCH"). Mr. Sananikone is also fluent in six languages, including, Chinese, Vietnamese, and Laotian. Mr. Sananikone's previous community involvement also includes serving on the board of the Catholic Charities of Hawaii and The Mutual Assistance Associations Center, a community based organization helping immigrant and refugees from Vietnam, Laos, Cambodia and other South Pacific Nations. He is well known and highly respected within the mainstream Hawaiian community. He is also well known for his cross-cultural communications expertise

1

and has been engaged by various organizations and associations for his ability to communicate with American and South East Asian communities and business leaders.

Mr. Sananikone is involved in political affairs within his community as well. He has been involved in congressional activity in support of the Bush Administration's recommendation to grant permanent NTR to Laos (Lao People's Democratic Republic) and to Vietnam. In particular, on April 11, 2003, he wrote a letter to the House Ways and Means Committee regarding the proposal and his letter is now in the House Archives. Mr. Sananikone also sponsors various community organizations such as the Pacific and Asian Affairs Council ("PAAC"), the Woman's Fund, and the Vietnamese-American Culture and Education Foundation. He has also been cited and quoted in many publications such as the Honolulu Star Business Bulletin as being the critical link towards helping businesses deal with various banks such as the Asian Development Bank. In short, he has played and continues to play a very significant and critical role in his community's political advancement and success. Further, other community members look to him for business guidance and advice.

As can be seen from the brief list of Mr. Sananikone's business accomplishments and his recognition on influential boards, he is a person that a start-up company such ASFI would want to serve on its Board of Directors. Mr. Sananikone was initially approached by Paul Ta, a Vietnamese-American businessman, who devised the concept and identified and brought in all of the other board members/investors of what would later become ASFI. ASFI was formed to fabricate steel frame homes by what was supposed to be an inexpensive process for house building. It was envisioned by Mr. Ta that such frames could then be transported to poor countries around the world such as Laos and Vietnam to provide affordable housing that would be inexpensive to manufacture and could be mass-produced for the impoverished urban and rural poor. Mr. Sananikone saw possibilities in this vision based on the experiences he had had in this region. He agreed to assist Mr. Ta by sitting on the Board of Directors. It was never contemplated by Mr. Sananikone that he would be anything other than a figure-head on the Board and that he would use his connections in Southeast Asia to help ASFI introduce its product into that part of the world. Additionally, his role on the Board was meant to serve as a cross-culture communicator in which in would act as a liaison between ASFI and the Southeast Asian culture and community. In other words, Mr. Sananikone was an outside director whose role was that of an expert advisor in ASFI's field. The definition of an outside director is a member of a corporation's board of directors who is not an employee of the company and has no operational responsibilities within the company. Mr. Sananikone also had a personal interest in serving on ASFI's Board and that was to further ASFI's technology so that it would ultimately benefit PACMAR's mission.

Mr. Sananikone served on ASFI's Board of Directors from May 3, 2000, through October 4, 2001. ASFI filed for bankruptcy on February 2, 2002. The Company was managed by an Executive Committee that consisted of the President, Executive Vice President and Chief Financial Officer. These three individuals had full authority and responsibility to make all daily administrative, operational and financial decisions on behalf of ASFI. As Chairman of the Board, Mr. Sananikone was only involved in quarterly Board meetings as a consultant, i.e. he was not employed by the Company and was merely contracted for the purpose of coordinating and chairing the Board. A copy of a Statement of Clarification is attached hereto which is signed by all of the Corporation's current and former board members stating that Mr. Sananikone's role in ASFI was purely as an advisor and that he had no other duties.

2

Mr. Sananikone was not an officer or employee of ASFI. He did not have access to any of ASFI's bank accounts nor did he have any authority to sign checks on behalf of the company. [Please see attached corporate Resolution dated September 9, 1999.] Mr. Sananikone was not involved in ASFI's daily decision-making process. Thus, it was never Mr. Sananikone's responsibility to collect, account for or pay over to the IRS employment taxes incurred by ASFI. Rather, it was the Executive Committee that was accorded the daily operational and financial responsibilities. As a final matter, please note and review Mr. Sananikone's resignation as Chairman of the Board dated October 4, 2001, whereby he states that he has never received any compensation or reimbursement from the Corporation.

## Elements of Section 6672 TFRP

Section 6672 provides that any person who is required to collect, truthfully account for, and pay over any tax imposed under the Internal Revenue Code and who willfully fails to do so or willfully attempts to evade or defeat such tax is liable for a penalty equal to the total amount of the tax not paid over to the government. Liability under section 6672 attaches if an individual meets two requirements:

- He or she must be a "responsible person"; and
- He or she must "willfully" fail to pay over to the government the amount of taxes otherwise due.

## Definition of Responsible Person

Generally, the determination of whether the requisite responsibility exists is a question of the individual's status, duty and authority in the context of the business that has failed to collect, truthfully account for, and pay over federal withholding taxes. This determination is generally considered in the context of the person's authority over a company's finances or general decision-making.

A member of a corporation's board of directors can be liable as a responsible person if the board possesses the requisite control over the payment of the company's obligations or if there are other factors evidencing responsible person status. Nonetheless, mere membership on a board of directors is not sufficient to create responsible person status. In *Anderson v. U.S.* [91-2 USTC], for example, the government argued that the individuals were per se responsible persons under section 6672 merely because of their status as directors of a corporation. The government also argued that the board was responsible because it functionally exercised financial control by meeting 17 times over a period of one and one-half years. The court found, however, that at none of those meetings did the board decide whether or when creditors would be paid. The court not only rejected the government's arguments but also determined that its position was not substantially justified, thereby awarding the taxpayers attorneys' fees under IRC §7430.

The Company's Board only met four times a year. The Board's primary function was to oversee major business decisions of the company. It was the Executive Committee that was to decide the day-to-day management decisions, make all administrative decisions, including the hiring and firing of personnel, and decide when and how its creditors were to be paid. Consequently, the Taxpayer did not have the status, duty or authority to collect, account for, and pay over federal withholding taxes.

3

Although, directors may even avoid responsible person status while possessing knowledge of tax delinquencies, in *Godfrey v. U.S.* [748 F.2d 1568], the court concluded that section 6672 did not apply to an outside director who neither signed nor had the authority to sign checks, did not participate in the day-to-day fiscal management of the corporation, did not receive a salary or hold office, did not control the payroll, did not determine which creditors would be paid, and did not own a significant amount of the corporation's voting stock. He was, however, chairman of the board of directors, aware of past tax delinquencies, and played an active role in attempting to avoid the corporation's insolvency by negotiating financing and sales of assets and participating in selecting management. The court concluded that knowledge was irrelevant to determine responsible person status and that the chairman's activities were not sufficient to impose the duty to collect and pay over taxes under section 6672. Similarly, in *Simpson v. U.S.* [664 F.Supp. 43], a nonprofit hospital's board of trustees was not responsible under section 6672, because the board did not involve itself in the payment of creditors in the withholding of taxes.

As in *Godfrey*, the Taxpayer did not have authority to sign checks, did not participate in the day-to-day fiscal management of the corporation, did not hold office, did not control payroll, and did not determine which creditors would be paid. Although, he did get paid for his Board-related duties, it was a nominal fee of $500 per day. Additionally, while he held an 11.447% common stock interest in the Company, he was not a majority shareholder and therefore, did not have control over the Company's financial activities. Just like the taxpayer in Godfrey, Mr. Sananikone merely served on ASFI's Board as an outside director.

Willful Failure to Pay Federal Tax Deposits

Although, we do not believe that an inquiry into willfulness is relevant because the Taxpayer is not a responsible person under section 6672, and, thus, by not meeting the first element, there is no need to look at the second element. However, we will address this issue because it is even clearer under this element that the TFRP should not be assessed against the Taxpayer.

In addition to determining who are responsible parties for purposes of assessing the TFRP, a liability for such penalty under section 6672 only attaches to a responsible person who has "willfully" failed to collect, account for, and pay over the required taxes. The general standards for determining whether a responsible person has acted willfully may be summarized generally as follows:

- Deliberate Choice. Willfulness exists where the responsible person makes the deliberate choice to pay withholding taxes to other creditors, instead of paying the taxes over to the government.
- Knowledge of Nonpayment of Taxes. Willfulness exists if the responsible personal obtains knowledge of a withholding tax delinquency and continues to permit payments to be made to other creditors.
- Reckless Disregard of Risk of Nonpayment of Taxes. The element of willfulness will be found where a responsible person acts with a reckless disregard of a known or obvious risk that withholding taxes will not be

11/21/06 (21092) #245696.1

remitted, including failing to investigate or correct mismanagement after being notified that withholding taxes have not been paid.

In this particular circumstance, the facts clearly indicate the lack of willfulness on the part of the Taxpayer because of actions undertaken by the Taxpayer, which are summarized below.

During the Taxpayer's entire tenure as a Board member, he never once instructed the Company's officers to not pay withholding taxes. In fact, upon discovering that the payroll taxes were not being paid in a Board meeting on April 20, 2001, (a copy of which is attached hereto) the Taxpayer specifically urged the Company to rectify the problem immediately above all other financial obligations and priorities. The Executive Committee, in charge of complying with payroll taxes, indicated that they would rectify the problem and the Taxpayer again insisted that the unpaid taxes be taken care of immediately above all other priorities and creditors. Because the Executive Committee assured the Taxpayer that it would be taken care of and because the Executive Committee was solely responsible for the payment withholding taxes, the Taxpayer never took part in any willful or deliberate attempt to not pay or avoid payment of the employment taxes owed.

The Taxpayer does not meet the criteria of either being a responsible person or that he willfully participated in the Company's failure to pay the government in connection with the employment tax liabilities. Therefore, the TFRP should not be imposed on the Taxpayer.

**EXHIBIT D**

**INTERNAL REVENUE SERVICE**                    **Department of the Treasury**

General Appeals, Area 8
Sacramento Appeals Office
3310 El Camino Ave., Suite 170
Sacramento, CA  95821-6308

**Person to Contact:**

PuongPun Sananikone                    Martin Splinter,
28 Poipu Dr.                                      **Telephone Number:**
Honolulu, HI  96825                             (916) 974-5805, FAX 974-5845
                                                        **Refer Reply to:**
                                                           W:SAC:AP:mjs
                                                        **Date:**
                                                           JAN   1 2005
                                                        **In re:**
                                                           Trust Fund Recovery Penalty
                                                        **Tax Period(s) Ended:**
                                                        06/30/2000, 09/30/2000,
                                                        12/31/2000, 06/30/2001,
                                                        09/30/2001, 12/31/2001

Dear Mr. Sananikone,

We have considered your protest and the evidence and arguments against the penalty proposed against you.

I'm sorry that we could not reach a satisfactory agreement with you for the reasons previously explained. If you have not yet paid the penalty, it is to your advantage to pay the full amount now in order to reduce the interest charges. Make your check payable to the Internal Revenue Service and mail it to the office address shown above. If you can't pay the full amount, please contact me. If you don't pay now, the service center will bill you for the amount due.

After you have paid at least an amount equal to the tax for one employee for one pay period, you may file a claim for refund within 2 years from the date of payment. If the claim is rejected, we will mail a Statutory Notice of Claim Disallowance. If we have not acted on your claim within six months after the date it was filed, a suit for refund may be filed. This suit must be filed within two years after we have disallowed the claim.

If you have any questions in this matter, please contact me at the address or telephone number listed above.

                                        Sincerely,

                                        Martin Splinter
                                        Settlement Officer

cc: Kristin Pace

# Instructions for Form 843



Department of the Treasury
Internal Revenue Service

(Rev. November 2005)

## Claim for Refund and Request for Abatement

Section references are to the Internal Revenue Code.

# General Instructions

## Purpose of Form

Use Form 843 to file a claim for refund of certain overpaid taxes, interest, penalties, and additions to tax.

**Use Form 843 to request the following.**
• A refund of employment taxes when you reported and paid more federal income tax on your employment tax return than you actually withheld from an employee.
• A refund of excess tier 2 RRTA tax when you had more than one railroad employer for the year and your total tier 2 RRTA tax withheld or paid for the year was more than the tier 2 limit. See the instructions for line 3a.
• A refund of social security or Medicare taxes that were withheld in error. If you are a nonresident alien student, see Pub. 519 for specific instructions.
• A refund under section 6715 for misuse of dyed fuel.
• Abatement or refund of interest or penalties under section 6404(e) or 6404(f) relating to excise taxes.
• Abatement of an overassessment (or the unpaid portion of an overassessment) if more than the correct amount of tax (except income, estate, and gift tax), interest, additions to tax, or penalties have been assessed.

Generally, you must file a separate Form 843 for each tax period and each type of tax. Exceptions are provided for certain claims in the line 4 instructions beginning on this page.

**Do not use Form 843 when you should use a different tax form.** For example, do not file Form 843 to request:

• A refund or abatement of your income tax. Individuals must use Form 1040X, Amended U.S. Individual Income Tax Return. Corporations that filed Form 1120 or 1120-A must use Form 1120X, Amended U.S. Corporation Income Tax Return. Other income tax filers should file a claim on the appropriate amended tax return.
• A refund of excess tier 1 RRTA tax. Instead, use Form 1040 or 1040A.
• A refund relating to excise taxes reported on Forms 11-C, 720, 730, or

2290. See Form 720X, Amended Quarterly Federal Excise Tax Return; Form 8849, Claim for Refund of Excise Taxes; Schedule C (Form 720), Quarterly Federal Excise Tax Return; Pub. 378, Fuel Tax Credits and Refunds; and Pub. 510, Excise Taxes, for information on the appropriate forms to use to claim the various excise tax refunds.
• A refund of the required payment under section 7519. Instead, file Form 8752, Required Payment or Refund Under Section 7519.

## Who May File

You may file Form 843 or your agent may file it for you. If your agent files, the original or a copy of Form 2848, Power of Attorney and Declaration of Representative, must be attached. You must sign Form 2848 and authorize the representative to act on your behalf for the purposes of the request. See the Instructions for Form 2848 for more information.

If you are filing as a legal representative for a decedent whose return you filed, attach to Form 843 a statement that you filed the return and you are still acting as the representative. If you did not file the decedent's return, attach certified copies of letters testamentary, letters of administration, or similar evidence to show your authority. File Form 1310, Statement of Person Claiming Refund Due a Deceased Taxpayer, with Form 843 if you are the legal representative of a decedent.

# Specific Instructions

**SSN or ITIN.** Enter your social security number (SSN) or IRS individual taxpayer identification number (ITIN). If you are filing Form 843 relating to a joint return, enter the SSNs or ITINs for both you and your spouse.

## Line 3

**Line 3a.** Check the appropriate box to show the type of tax, penalty, or addition to tax. If you are filing a claim for refund or request for abatement of an assessed penalty, check the box and enter the applicable Internal

Revenue Code (IRC) section. Generally, you can find the IRC section on the Notice of Assessment you receive from the service center.

**Excess tier 2 RRTA tax.** Complete lines 1 and 2. On line 3a, check the box for "Employment" tax. Skip lines 3b, 4a, and 4b. In the space for line 5, identify the claim as "Excess Tier 2 RRTA" and show your computation of the refund. You must also attach copies of your Forms W-2 for the year to Form 843. See the worksheet in Pub. 505, Tax Withholding and Estimated Tax, to help you figure the excess amount.

**Line 3b.** Check the appropriate box to show the type of return, if any, that you filed.

 *You must attach Form 941c, Supporting Statement To* **CAUTION** *Correct Information, or an equivalent statement, if you are claiming a refund of taxes reported on Form 941, 941-M, 941-SS, 943, or 945.*

## Line 4

### Requesting Abatement or Refund of Interest Under Section 6404(e)

Section 6404(e) gives the IRS the authority to abate interest when the additional interest is attributable to IRS errors or delays.

Section 6404(e) applies only if there was an unreasonable error or delay in performing a managerial or ministerial act (defined below and on page 2). The taxpayer cannot have caused any significant aspect of the error or delay. In addition, section 6404(e) relates only to taxes for which a notice of deficiency is required by section 6212(a). This includes income taxes, generation-skipping transfer taxes, estate and gift taxes, and certain excise taxes imposed by IRC chapter 41, 42, 43, or 44. Section 6404(e) does not allow abatement of interest for employment taxes or other excise taxes. See Pub. 556, Examination of Returns, Appeal Rights, and Claims of Refund, for more information.

**Managerial act.** The term "managerial act" means an administrative act that occurs during the processing of your case involving the temporary or permanent loss of records or the

exercise of judgment or discretion relating to management of personnel. A decision regarding the proper application of federal tax law is not a managerial act. See Regulations section 301.6404-2 for more information.

**Ministerial act.** The term "ministerial act" means a procedural or mechanical act that does not involve the exercise of judgment or discretion and that occurs during the processing of your case after all prerequisites of the act, such as conferences and review by supervisors, have taken place. A decision regarding the proper application of federal tax law is not a ministerial act. See Regulations section 301.6404-2 for more information.

## How To Request an Abatement of Interest

Request an abatement of interest by writing "Request for Abatement of Interest Under Section 6404(e)" at the top of Form 843.

Complete lines 1 through 3. Check the first box on line 4a. On line 4b, show the dates of any payment of interest or tax liability for the tax period involved.

On line 5 state:
• The type of tax involved,
• When you were first notified by the IRS in writing about the deficiency or payment,
• The specific period for which you are requesting abatement of interest,
• The circumstances of your case, and
• The reasons why you believe that failure to abate the interest would result in grossly unfair treatment.

**Multiple tax years.** File only one Form 843 if the interest assessment resulted from the IRS's error or delay in performing a single managerial or ministerial act affecting a tax assessment for multiple tax years or types of tax (for example, where 2 or more tax years were under examination).

**Where to file.** File Form 843 with the Internal Revenue Service Center where you filed your return.

## Requesting Abatement or Refund of a Penalty or Addition to Tax as a Result of Written Advice

Section 6404(f) gives the IRS the authority to abate any portion of a penalty or addition to tax attributable to erroneous advice furnished to you in writing by an officer or employee of the IRS, acting in his or her official capacity.

The IRS will abate the penalty or addition to tax only if:

1. You reasonably relied on the written advice,

2. The written advice was in response to a specific written request you (or your representative who met the requirements of Regulations section 301.6404-3(b)(3)) made for advice, and

3. The penalty or addition to tax did not result from your failure to provide the IRS with adequate or accurate information.

## How To Request an Abatement or Refund of a Penalty or an Addition to Tax

Request an abatement or refund of a penalty or addition to tax because of erroneous written advice by writing "Request for Abatement of Penalty or Addition to Tax Under Section 6404(f)" at the top of Form 843.

Complete lines 1 through 3. Check the appropriate box on line 4a. On line 4b, enter the date of payment if the penalty or addition to tax has been paid.

You must attach copies of the following information to Form 843:

1. Your written request for advice;

2. The erroneous written advice you relied on that was furnished to you by the IRS; and

3. The report, if any, of tax adjustments identifying the penalty or addition to tax, and the item(s) relating to the erroneous advice.

**When to file.** An abatement of any penalty or addition to tax under this section will be allowed only if:
• You submit the request for abatement within the period allowed for collection of the penalty or addition to tax, or
• You paid the penalty or addition to tax, within the period allowed for claiming a credit or refund of such penalty or addition to tax.

**Where to file.** If the erroneous advice received relates to an item on a federal tax return, send Form 843 to the Internal Revenue Service Center where your return was filed. If the erroneous advice does not relate to an item on a federal tax return, send Form 843 to the service center where your return was filed for the tax year you relied on the advice.

## Line 5

Explain in detail your reasons for filing this claim and show your computation for the credit, refund, or abatement. If you attach an additional sheet(s), include your name and SSN, ITIN, or EIN on it. Also, attach appropriate supporting evidence.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Sections 6402 and 6404 state the conditions under which you may file a claim for refund and request for abatement of certain taxes, penalties, and interest. Form 843 may be used to file your claim. Section 6109 requires that you disclose your taxpayer identification number (TIN). Routine uses of this information include providing it to the Department of Justice for civil and criminal litigation and to cities, states, and the District of Columbia for use in administering their tax laws. We may also give this information to Federal and state agencies to enforce Federal nontax criminal laws and to combat terrorism. You are not required to claim a refund or request an abatement; however, if you choose to do so you are required to provide the information requested on this form. Failure to provide all of the requested information may delay or prevent processing your claim or request; providing false or fraudulent information may subject you to civil or criminal penalties.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is:

| | |
|---|---|
| **Recordkeeping** . . . . . . . . . . . | 26 min. |
| **Learning about the law or the form** . . . . . . . . . . . . . . . . . . | 18 min. |
| **Preparing the form** . . . . . . . . | 35 min. |
| **Copying, assembling, and sending the form to the IRS** . . | 20 min. |

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6406, Washington, DC 20224. Do not send the form to this address. Instead, see *Where to file* on this page.